Daniel L. Bonnett
Martin & Bonnett, P.L.L.C.
4647 N 32nd Street, Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

Molly A. Elkin
Sarah M. Block
Rachel B. Lerner
McGillivary Steele Elkin LLP
1101 Vermont Avenue NW, Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
mae@mselaborlaw.com
smb@mselaborlaw.com
rbl@mselaborlaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Cooley, Monet Johnson, Ashley Wooten, and all others similarly situated, | CASE NO. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| Story Companies, LLC, d/b/a/ Story Cannabis; Canna Cuzzos, LLC; Premium Medicine of Maryland, LLC; Ohio Griz, LLC; Cannavitz Ventures, LLC; | |
| Defendants. | |

1. Plaintiffs Samantha Cooley, Monet Johnson, and Ashley Wooten were employed by Defendants (collectively, "Story Cannabis"), and bring this action as a collective action in accordance with 29 § U.S.C. 216(b) of the Fair Labor Standards Act (FLSA), against Defendants on behalf of themselves and all others similarly situated because

of Defendants' failure to pay wages in accordance with the FLSA. Plaintiff Cooley brings this action as a class action on behalf of herself and all others similarly situated in accordance with Fed. R. Civ. P. 23 and Arizona common law. Plaintiff Johnson brings this action as a class action on behalf of herself and all others similarly situated in accordance with Fed. R. Civ. P. 23 and Maryland common law. Plaintiff Wooten brings this action as a class action on behalf of herself and all others similarly situated in accordance with Fed. R. Civ. P. 23 and Ohio common law. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq*, and Arizona, Maryland, and Ohio common law.

## JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.  Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiffs were employed by Defendants as Budtenders in their retail dispensaries in various states, including but not limited to Arizona, Maryland, and Ohio.

5.  Plaintiff Samantha Cooley was employed by Defendants in the position of Budtender at Defendants' McDowell Story Cannabis location in Arizona, located at 2439 W McDowell Road, Phoenix, Arizona, 85009.

6.  Plaintiff Monet Johnson was employed by Defendants in the position of Budtender at Defendants' Waldorf Story Cannabis location in Maryland, located at 12383 Poons Market Place, Waldorf, Maryland, 20601.

7.  Plaintiff Ashley Wooten was employed by Defendants in the position of Budtender at Defendants' Cincinnati Story Cannabis location in Ohio, located at 3950 Edwards Road, Cincinnati, Ohio, 45209.

8.  Plaintiffs have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Their consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others

similarly situated in accordance with 29 U.S.C. § 216(b).

9. Plaintiff Cooley brings this as a class action on behalf of herself and the Arizona Class defined below in accordance with Fed. R. Civ. P. 23 and Arizona common law.

10. Plaintiff Johnson brings this as a class action on behalf of herself and the Maryland Class defined below in accordance with Fed. R. Civ. P. 23 and Maryland common law.

11. Plaintiff Wooten brings this as a class action on behalf of herself and the Ohio Class defined below in accordance with Fed. R. Civ. P. 23 and Ohio common law.

12. Defendant Story Companies LLC, d/b/a Story Cannabis is a Delaware corporation registered to do business in Arizona. Its corporate headquarters and principal place of business is at 4539 N 22nd St, Ste N, Phoenix, Arizona, 85016.

13. Story Cannabis' registered agent in Arizona is Northwest Registered Agent LLC, 4539 N 22nd St, Ste N, Phoenix Arizona, 85016.

14. Story Companies LLC, d/b/a/ Story Cannabis is also registered to do business in Maryland. It can be served through its registered agent, the Department of Assessments and Taxation, 301 West Preston Street, Baltimore, Maryland, 21201.[1]

15. Story Cannabis is further registered to do business in Maryland as Canna Cuzzos, LLC. Canna Cuzzos, LLC can be served through its registered agent, Northwest Registered Agent Service, Inc., 5000 Thayer Center Ste C, Oakland, Maryland 21550.

16. Story Cannabis also does business in Maryland as Premium Medicine of Maryland, LLC, located at 12355 Georgia Avenue, Silver Spring, Maryland, 20906.

17. Story Companies LLC is also registered to do business in Ohio, and can be served via their registered agent, Northwest Registered Agent LLC, 6545 Market Ave. North Ste 100, North Canton, Ohio, 44721.

18. Story Cannabis also does business in Ohio as Ohio Griz LLC, which can be

---

[1] Story Companies LLC is not in good standing in Maryland.

3

served at 115 N. 2nd Street, Coshocton, Ohio, 43812.

19. Story Cannabis also does business in Ohio as Cannavitz Ventures, LLC, and can be served through it registered agent, Registered Agents Inc, 6545 Market Avenue North, Ste 100, North Canton, Ohio 44721.[2]

20. Defendants are "employers" within the meaning of 29 U.S.C § 203(d). Defendants are "persons" within the meaning of 29 U.S.C. § 203(a).

21. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

22. At all times material herein, Defendants have been actively conducting business in Arizona, Maryland, and Ohio.

## FACTS

23. Story Cannabis is a medical and recreational cannabis company that owns and operates cannabis dispensaries in five states: Arizona, Louisiana, Maryland, New Jersey, and Ohio.

24. Defendants operate ten (10) stores in Arizona, four (4) in Maryland, and seven (7) in Ohio.

25. Defendants' stores sell a variety of cannabis products for recreational and medical purposes.

26. Arizona legalized the recreational sale of cannabis products on November 30, 2020.

27. Maryland legalized the recreational sale of cannabis products on July 1, 2023.

28. Ohio legalized the recreational sale of cannabis products on November 7, 2023.

---

[2] Defendants Story Companies LLC, Canna Cuzzos, LLC, Premium Medicine of Maryland, LLC, Ohio Griz LLC, and Cannavitz Ventures, LLC will collectively be referred to as "Defendants" or "Story Cannabis."

4

29. Plaintiffs and all others similarly situated work or worked for Defendants as Budtenders—a portmanteau of the words "bud" and "bartender"—who serve as hourly-paid retail associates at Defendants' dispensary stores.

30. Plaintiff Cooley was employed by Defendants as a Budtender for approximately 9 months in 2024.

31. Plaintiff Cooley worked at the McDowell location, located at 2439 W McDowell Road, Phoenix, Arizona, 85009.

32. Plaintiff Johnson was employed by Defendants as a Budtender from February through June of 2025.

33. Plaintiff Johnson worked at the Waldorf location, located at 12383 Poons Market Place, Waldorf, Maryland, 20601.

34. Plaintiff Wooten was employed by Defendants as a Budtender between July and November of 2024.

35. Plaintiff Wooten worked at the Cincinnati location, located at 3950 Edwards Road, Cincinnati, Ohio, 45209.

36. Budtenders work on the sales floor and at the cash register assisting customers in the selection and purchasing of cannabis products.

37. Budtenders' first-line supervisors, and the individuals who supervise the Budtenders on the retail floor, are referred to as Floor Managers, Supervisors, Leads, or other similar titles (collectively "Leads"). Leads rarely interact with or assist customers or work at a register, as their primary job duty is to supervise the Budtenders.

38. In addition to Budtenders and Leads, Defendants' stores are also staffed with a General Manager, and sometimes an Assistant General Manager and/or Store Manager, as well as Inventory Associates and Inventory Managers who work in the stockroom. Employees in these job titles rarely interact with customers.

39. Generally, Defendants' stores are staffed with approximately 4-10 Budtenders and 2-5 Leads per shift.

40. As a Budtender in Arizona, Defendants paid Plaintiff Cooley at an hourly rate

of $14.35 per hour.

41. As a Budtender in Maryland, Defendants originally paid Plaintiff Johnson at an hourly rate of $16 per hour, but Defendants eventually raised her hourly rate to $17.10 per hour.

42. As a Budtender in Ohio, Defendants paid Plaintiff Wooten at an hourly rate of $16 per hour.

43. Plaintiffs and all others similarly situated in Arizona, Maryland, and Ohio also customarily and regularly earn more than $30 per month in tips.

44. It is common in the industry for cannabis dispensary customers to leave tips, and customers at Arizona, Maryland, and Ohio Story Cannabis stores have left, and do leave tips for Budtenders consistent with industry custom.

45. At each Story Cannabis store in Arizona, Maryland, and Ohio, each register has a tip jar or tip box in front of it where customers can leave cash tips.

46. Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips to employees. Tips are distributed from the tip pool and paid out to employees on a weekly basis in cash.

47. Pursuant to company-wide policy and practice, tips are pooled and divided among Budtenders, Leads, Inventory Associates, Inventory Managers, and on occasion, the Store Managers and General Managers. Tips are divided in proportion to the total number of hours each employee worked that day. The tip pool at each of Defendants' stores is divided and distributed to staff using the same methodology.

48. Because of how Defendants' stores are staffed, when the tips are distributed through the mandatory tip pool based on total hours worked, Leads, Inventory Managers, Store Managers, and General Managers receive a larger portion of the tips than do Budtenders, even though the Budtenders perform the customer-facing work.

49. Additionally, Defendants regularly use tips from the tip pool to cover shortages in the cash registers, thereby depriving Plaintiffs of their tips.

///

**COLLECTIVE ACTION TO REMEDY VIOLATIONS OF THE FLSA**

50. Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs and those similarly situated to Plaintiffs, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

51. As a result of the failure to pay wages in accordance with the FLSA, Plaintiffs, as well as those similarly situated to Plaintiffs, have suffered monetary damages by failing to receive their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to the Plaintiffs and those similarly situated to the Plaintiffs, Plaintiffs and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

52. Plaintiffs and those similarly situated to Plaintiffs are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

53. Defendants' actions in failing to compensate Plaintiffs and other similarly situated employees of Defendants in accordance with the provisions of the FLSA were willful and not in good faith.

54. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of Budtender at Story Cannabis stores in Arizona, Maryland, and Ohio and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

**CLASS ACTION TO REMEDY
VIOLATIONS OF ARIZONA COMMON LAW**

55. Defendants have violated Arizona common law, resulting in damages to Plaintiff Cooley and all Arizona Class Members in the form of withheld tips, liquidated damages, interest, incurred and incurring costs, and reasonable attorneys' fees.

56. The Arizona Class is defined as follows: All individuals employed by

Defendants as hourly-paid Budtenders in Story Cannabis stores in Arizona at any time within the past three years.

57. Upon information and belief, there are in excess of 200 members of the Arizona Class. Thus, the Arizona Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Arizona Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

58. There are questions of law and fact common to the members of the Arizona Class, including but not limited to whether the Defendants violated Arizona common law by implementing an unlawful tip pool that includes Leads and Managers.

59. Other common questions of law and fact include, but are not limited to:

   a. Whether Defendants required Plaintiff Cooley and Arizona Class Members to participate in a tip pool that unlawfully included Leads and Managers;
   b. Whether Defendants used lawfully earned tips by Plaintiff Cooley and Arizona Class Members to cover shortages in the cash registers;
   c. Whether Defendants were unjustly enriched by their practices; and
   d. Whether as a result of violations of Arizona common law, Plaintiff Cooley and the members of the Arizona Class are also entitled to an award of attorneys' fees.

60. The claims of Plaintiff Cooley are typical of all members of the Arizona Class. Plaintiff Cooley has the same interests in this matter as all members of the Arizona Class.

61. Plaintiff Cooley is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Arizona Class.

**CLASS ACTION TO REMEDY
VIOLATIONS OF MARYLAND COMMON LAW**

62. Defendants have violated Maryland common law, resulting in damages to Plaintiff Monet Johnson and those in the Maryland Class in the form of withheld tips,

liquidated damages, interest, incurred and incurring costs, and reasonable attorneys' fees.

63. The Maryland Class is defined as follows: All individuals employed by Defendants as hourly-paid Budtenders in Story Cannabis stores located in Maryland at any time within the past three years.

64. Upon information and belief, there are in excess of 80 members of the Maryland Class. Thus, the Maryland Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Maryland Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

65. There are questions of law and fact common to the members of the Maryland Class, including but not limited to whether the Defendants violated Maryland common law by implementing an unlawful tip pool that includes Leads and Managers.

66. Other common questions of law and fact include, but are not limited to:

    a. Whether Defendants required Plaintiff Johnson and Maryland Class Members to participate in a tip pool that unlawfully included Leads and Managers;

    b. Whether Defendants used lawfully earned tips by Plaintiff Johnson and Maryland Class Members to cover shortages in the cash registers;

    c. Whether Defendants were unjustly enriched by their practices; and

    d. Whether as a result of violations of Maryland common law, Plaintiff Johnson and the members of the Maryland Class are also entitled to an award of attorneys' fees.

67. The claims of Plaintiff Johnson are typical of all members of the Maryland Class. Plaintiff Johnson has the same interests in this matter as all members of the Maryland Class.

68. Plaintiff Johnson is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Maryland Class.

///

**CLASS ACTION TO REMEDY VIOLATIONS OF OHIO COMMON LAW**

69. Defendants have violated Ohio common law, resulting in damages to Plaintiff Ashley Wooten and those in the Ohio Class in the form of withheld tips, liquidated damages, interest, incurred and incurring costs, and reasonable attorneys' fees.

70. The Ohio Class is defined as follows: All individuals employed by Defendants as hourly-paid Budtenders in Story Cannabis stores located in Ohio at any time within the past three years.

71. Upon information and belief, there are in excess of 140 members of the Ohio Class. Thus, the Ohio Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Ohio Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

72. There are questions of law and fact common to the members of the Ohio Class, including but not limited to whether the Defendants violated Ohio common law by implementing an unlawful tip pool that includes Leads and Managers.

73. Other common questions of law and fact include, but are not limited to:
   a. Whether Defendants required Plaintiff Wooten and Ohio Class Members to participate in a tip pool that unlawfully included Leads and Managers;
   b. Whether Defendants used lawfully earned tips by Plaintiff Wooten and Ohio Class Members to cover shortages in the cash registers;
   c. Whether Defendants were unjustly enriched by their practices; and
   d. Whether as a result of violations of Ohio common law, Plaintiff Wooten and the members of the Ohio Class are also entitled to an award of attorneys' fees.

74. The claims of Plaintiff Wooten are typical of all members of the Ohio Class. Plaintiff Wooten has the same interests in this matter as all members of the Ohio Class.

75. Plaintiff Wooten is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Ohio Class.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

76. Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-75.

77. At all times material herein, Plaintiffs and similarly situated Budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

78. Under the FLSA, and "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

79. Defendants' mandatory tip pool included not only Budtenders but also supervisors, in that it included Leads and Managers in violation of 29 U.S.C. § 203(m)(2)(B).

80. The mandatory tip pool which unlawfully included the Leads and Managers resulted in Plaintiffs and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

81. Defendants practice of using tips to cover shortages in the cash registers also resulted in Defendants retaining Plaintiffs' tips and resulted in Plaintiffs and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

82. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

83. As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount equal to the backpay as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

84. The employment and work records for the Plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to them and to those similarly situated.

Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' and similarly situated persons' payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

## COUNT TWO

## UNJUST ENRICHMENT UNDER ARIZONA COMMON LAW

85. Plaintiff Cooley realleges and incorporates by reference all allegations in paragraphs 1-75.

86. Plaintiff Cooley and the Arizona Class are entitled to retention of all the tips paid to them by customers.

87. Defendants failed to properly account for the tips paid to Plaintiff Cooley and the Arizona Class and retained the fruits of the labor of Plaintiff Cooley and the Arizona Class and retained the monies that should have been paid to Plaintiff Cooley and the Arizona Class as tips.

88. Defendants were unjustly enriched by their refusal to pay Plaintiff Cooley and the Arizona Class all tips owed and have benefitted at their expense.

89. Defendants should be required to disgorge this unjust enrichment to Plaintiff Cooley and all members of the Arizona Class, and to pay interest on all damages.

## COUNT THREE

## UNJUST ENRICHMENT UNDER MARYLAND COMMON LAW

90. Plaintiff Johnson realleges and incorporates by reference all allegations in paragraphs 1-75.

91. Plaintiff Johnson and the Maryland Class are entitled to retention of all the tips paid to them by customers.

92. Defendants failed to properly account for the tips paid to Plaintiff Johnson and the Maryland Class and retained the fruits of the labor of Plaintiff Johnson and the Maryland Class and retained the monies that should have been paid to Plaintiff Johnson and the Maryland Class as tips.

93. Defendants were unjustly enriched by their refusal to pay Plaintiff Johnson and the Maryland Class all tips owed and have benefits at their expense.

94. Defendants should be required to disgorge this unjust enrichment to Plaintiff Johnson and all members of the Maryland Class and to pay interest on all damages.

## COUNT FOUR

## UNJUST ENRICHMENT UNDER OHIO COMMON LAW

95. Plaintiff Wooten realleges and incorporates by reference all allegations in paragraphs 1-75.

96. Plaintiff Wooten and the Ohio Class are entitled to retention of all the tips paid to them by customers.

97. Defendants failed to properly account for the tips paid to Plaintiff Wooten and the Ohio Class and retained the fruits of the labor of Plaintiff Wooten and the Ohio Class and retained the monies that should have been paid to Plaintiff Wooten and the Ohio Class as tips.

98. Defendants were unjustly enriched by their refusal to pay Plaintiff Wooten and the Ohio Class all tips owed and have benefits at their expense.

99. Defendants should be required to disgorge this unjust enrichment to Plaintiff Wooten and all members of the Ohio Class and to pay interest on all damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against Defendants as follows:

(a) Certify a collective action under the FLSA;

(b) Certify an Arizona class action under Fed. R. Civ. P. 23;

(c) Certify a Maryland class action under Fed. R. Civ. P. 23;

(d) Certify an Ohio class action under Fed. R. Civ. P. 23;

(e) Enter a declaratory judgment declaring that Defendants have willfully and wrongfully violated Plaintiffs' statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

      (f)    Order a complete and accurate accounting of all the compensation to which Plaintiffs, Class Members, and all others similarly situated are entitled;

      (g)    Award Plaintiffs and all others similarly situated, monetary damages under the FLSA in the form of backpay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

      (h)    Award Plaintiff Cooley and all Arizona Class Members, monetary damages under Arizona common law, in the form of back pay compensation and benefits, liquidated damages, and interest;

      (i)    Award Plaintiff Johnson, and all Maryland Class Members, monetary damages under Maryland common law, in the form of back pay compensation and benefits, liquidated damages, and interest;

      (j)    Award Plaintiff Wooten, and all Ohio Class Members, monetary damages under Ohio common law, in the form of back pay compensation and benefits, liquidated damages, and interest;

      (k)    Award Plaintiffs, all those similarly situated, and all Arizona, Maryland, and Ohio Class Members, their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

      (l)    Grant such other legal and equitable relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial in this action.

Dated: October 29, 2025                    Respectfully submitted,

                                              */s/ Daniel L. Bonnett*
                                              Daniel L. Bonnett
                                              MARTIN & BONNETT P.L.L.C.
                                              4647 N 32nd Street, Suite 185
                                              Phoenix, AZ 85018
                                              Telephone: (602) 240-6900
                                              dbonnett@martinbonnett.com

|     |     |
| --- | --- |
| 1   | */s/ Molly A. Elkin* |
| 2   | Molly A. Elkin |
|     | Sarah M. Block |
| 3   | Rachel B. Lerner |
|     | MCGILLIVARY STEELE ELKIN LLP |
| 4   | 1101 Vermont Avenue NW, Suite 1000 |
| 5   | Washington, DC 20005 |
|     | Telephone: (202) 833-8855 |
| 6   | mae@mselaborlaw.com |
|     | smb@mselaborlaw.com |
| 7   | rbl@mselaborlaw.com |

*Counsel for Plaintiffs*